Nevada County *v.* Munn.

4-5089

Opinion delivered May 30, 1938.

*McRae & Tompkins,* for appellant.

*E. F. McFaddin,* for appellee.

McHaney, J. Appellee is the assessor of Nevada county. For the year 1937, he employed A. S. McGough as his deputy at a salary of $600 per year. The county judge approved the appointment, but appellee did not present a petition to the county court or judge for a finding that a necessity for a deputy existed. He presented three separate claims to the county court, each for the quarterly salary of a deputy so appointed by him, all of which were disallowed. In October, 1937, he filed a petition, asking the county court to approve the appointment of a deputy. This petition was disallowed by the county court and from this order an appeal was prosecuted to the circuit court where the claims were allowed and the

judgment of the county court was reversed. The case is here on appeal.

A decision of the case depends upon the construction to be given act No. 172 of the Acts of 1929, digested as § 13637 of Pope's Digest. Section 20 of said act begins as follows: "For the purpose of determining the salaries of each of the several county assessors of this state, and their authorized deputies, but for no other purpose, the several counties of the state shall be classified as follows:

Nevada county is included in the seventh class of the classification so made by the provisions of said act. Another provision of said § 20 is as follows: "The county assessor of each county of the seventh class shall receive an annual salary of two thousand, four hundred dollars ($2,400); and each such assessor may employ one regular deputy at an annual salary not to exceed six hundred dollars ($600); provided such assessor employs more than one deputy the total amount of the salaries of said deputies shall not exceed six hundred dollars ($600) per annum."

Another paragraph of said section of said act provides that: "In case it becomes necessary for the assessor to employ deputies in addition to those hereinabove authorized in order to properly carry on the business and duties of the office, the assessor shall petition the county court of his respective county setting forth the reasons for additional deputies, the length of time to be employed, and the salary per month such assessor proposes to pay such deputy or deputies, whereupon the court, on finding it necessary to the proper carrying on the business and duties of the office that an additional deputy or deputies be employed, shall approve and allow said petition. Provided, no allowance shall be made for the employment of additional deputies in excess of ten per cent. (10%) of the total amount hereinabove allowed for the salary of the assessor and regular deputies of the respective county. Provided that before any assessor of any county of this state shall employ any deputy or deputies, or incur any expense for help or assistance,

he shall first file with the county court or the county judge, of his county a petition alleging the necessity for a deputy or deputies, and upon the hearing if the court or judge shall find that an actual necessity exists, he will enter an order authorizing the employment of such deputy or deputies.''

That paragraph deals exclusively, so it appears to us, with ''other deputies in addition to those hereinabove authorized'' and has no relation to the one authorized by the provision of the act hereinbefore quoted, fixing the salary of the assessor and his deputy in counties of the seventh class. The language in the second proviso, above quoted, that, ''before any assessor of any county of this state shall employ any deputy or deputies . . . he shall first file with the county court or the county judge, of his county a petition,'' etc., necessarily refers to deputies in addition to those already provided by law. It will be seen that the legislature, in the paragraph above quoted, relating to the salary and the appointment of a deputy in a county of the seventh class, conferred actual power and authority to employ only one deputy at a salary not to exceed $600. Also, that he might employ more than one deputy, but the total amount of the salaries of all of the deputies so appointed should not exceed $600 per annum. If the language above quoted, relating to the approval of the county judge is construed literally, then the former provision would be meaningless, as the assessor would have no authority to appoint any deputy without first filing a petition with the county court or judge, alleging the necessity for such deputy or deputies and obtain a finding from such court or judge that an actual necessity exists and an order authorizing such employment. We do not think the legislature intended to say just what the language imports, but that it meant to say that before any assessor could employ any other deputy in addition to those previously provided for in the act, such petition must be filed and an order of the court had, authorizing such employment. So construed, the act is harmonious in this respect, and

meaning and effect can be given to both provisions without any conflict therein.

Section 20 of said act 172, now § 13637 of Pope's Digest, has been several times amended, but none of the amendatory acts affected Nevada county, but it has remained a county of the seventh class, and the act of 1929 has always remained the same in so far as Nevada county is concerned.

As hereinbefore stated, the county court approved the appointment of the deputy, made by the appellee and we think this approval would be binding on the county, even though the provisions above quoted should be construed as appellant contends, and that the filing of a petition stating the necessity is directory merely and not mandatory.

It necessarily follows from what we have said that the judgment of the circuit court is correct, and must be affirmed. It is so ordered.